EXHIBIT "A"

Fulton County Superior Court
***EFILED***BB
Date: 4/25/2016 5:15:45 PM
Cathelene Robinson, Clerk



## IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

2016CV274433

|  | ) Case |
|  | ) No.: |
| Chyrell Streeter-Bartley | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| vs. | ) |
| Walden Brook Atlanta Apartments LLLP | ) |
| Ventron Management, LLC and | ) |
| John Doe Employee | ) |
| **Defendant** | ) |
|  | ) |

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

> Reginald A. Greene, Esq.
> Greene Legal Group LLC
> 600 West Peachtree Street, N.W.
> Suite 605
> Atlanta, Georgia 30308
> 404-574-4308

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This _____4/25/2016_____ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20 _____

_____
Deputy Sheriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

Fulton County Superior Court
***EFILED***BB
Date: 4/25/2016 5:15:45 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHYRELL STREETER-BARTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 2016CV274433 |
| WALDEN BROOK ATLANTA | ) | |
| APARTMENTS LLLP, | ) | JURY TRIAL DEMAND |
| VENTRON MANAGEMENT, LLC, and | ) | |
| JOHN DOE EMPLOYEE, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff, Chyrell Streeter-Bartley ("Plaintiff"), by and through her

attorney, Reginald A. Greene, and files this Complaint for Damages (this "Complaint") against

Defendants Walden Brook Atlanta Apartments LLLP ("Walden Apartments"); Ventron

Management, LLC ("Management"); and, John Doe employee ("John Doe Employee"),

(collectively, the "Defendants"). Plaintiff shows this Honorable Court the following:

### 1.

This action arises from an incident that occurred on April 30, 2014 in which Plaintiff

sustained personal injuries while she was a passenger on a golf cart being operated directly or

indirectly by Defendants while entering the entry gate of the Walden Brook Apartments located

at 5665 Fairington Road, Lithonia, Georgia 30038 (the "Apartments").

### PARTIES, JURISDICTION, AND VENUE

### 2.

Plaintiff is a resident of the State of Georgia, residing in DeKalb County, and willfully

avails herself to the jurisdiction and venue of this Court.

**3.**

Defendant Walden Apartments is a foreign corporation, organized under the laws of the state of Florida, and may be served with a summons of this complaint to its Registered Agent: Michael Scalijon located at 2210 Sullivan Road, Fulton County, College Park, Georgia 30337.

**4.**

Defendant Management is a foreign corporation, organized under the laws of the state of Florida, and may be served with a summons of this complaint to its Registered Agent:  Michael Scalijon located at 2210 Sullivan Road, Fulton County, College Park, Georgia 30337.

**5.  .**

Defendant John Doe Employee's identity is unknown at this time.  Upon information and belief, Defendant John Doe Employee is or was an employee of Defendant Walden Apartments or Defendant Management at all times relevant herein.

**6.  .**

Jurisdiction and venue are proper in this Court.

## FACTUAL NARRATIVE

**7.**

At all times relevant to this Complaint, Defendant Walden Apartments and/or Defendant Management owned, operated and/or managed the Apartments.

**8.**

On April 30, 2014, Plaintiff entered the premises of the Apartments as a prospective tenant.

**9.**

2

On the same date, Defendant John Doe Employee offered Plaintiff a ride on a golf cart to take a tour of the Apartments.

### 10.

While Plaintiff was a passenger on the golf cart operated by Defendant John Doe Employee, Defendant John Doe Employee approached the entry gate of the Apartments, which was controlled by a large metal arm that restricted the entry of vehicles through the entry gate.

### 11.

The golf cart being operated by Defendant John Doe Employee was behind a vehicle that was also driving through the entry gate of the Apartments.

### 12.

When the large metal arm was raised to allow the first vehicle to go through the gate of the Apartments, Defendant John Doe Employee attempted to speed past the large metal arm before it came back down.

### 13.

As Defendant John Doe Employee attempted to speed the golf cart through the entry gate, the metal arm came down and struck Plaintiff on her head.

### 14.

Plaintiff sustained physical injury to her head, neck, and spine when the metal arm came down violently on her head as Defendant John Doe Employee tried to speed through the entry gate.

### 15.

As a result of her injuries, Plaintiff has suffered damages.

### 16. .

Plaintiff has experienced and will experience, past, present and future pain and suffering as a result of her injuries.

## COUNT 1
### (Negligence)

#### 17.

Plaintiff repeats and re-alleges each and every relevant allegation set forth in paragraphs 1 through 16 of this Complaint as if fully set forth herein verbatim.

#### 18.

Defendants owed a duty to Plaintiff to exercise ordinary care, just as reasonable persons would have done under similar circumstances.

#### 19.

Defendants breached this duty by, among other things:

(a) Failing to enter through the entry gate in a safe manner;

(b) Failing to operate the entry gate arm in a safe manner;

(c) Attempting to speed through the entry gate to follow after another vehicle; and

(d) Failing to otherwise exercise ordinary care under the circumstances.

#### 20.

As a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff suffered and continues to suffer bodily injuries, great pain of body and mind, medical expenses, and other general and special damages for which she is entitled to be compensated under the laws of this state.

#### 21.

As a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff has incurred special damages in an amount to be proven at trial, including but not limited to, of

the following:

### Special Damages

| | | |
|---|---|---|
| Dekalb Medical ER | 4/30/14 – 7/22/14 | $ 11,842.73 |
| Atlanta Family Physicians | 5/5/14 – 9/4/14 | $    735.07 |
| AICA Ortho and Spine | 6/30/14 – 8/6/14 | $  5,114.00 |
| Transportation Fees | 6/30/14 – 8/06/14 | $    136.00 |
| | **SUB TOTAL SPECIALS** | **$ 17,827.80** |

22.

As a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff

has incurred and can reasonably be expected to incur additional damages, pain and suffering and

loss of enjoyment of life to be proven at trial as follows:

| | |
|---|---|
| Past and Future Loss of Earnings: | $  214,588.85 |
| Future Medical or Assistance Care: | $   73,692.00 |
| Pain and Suffering: | $  808,200.00 |
| **GRAND TOTAL:** | **$1,114,308.65** |

23.

Plaintiff's injuries, losses, and/or damages are the sole and proximate cause of

Defendants' negligence and/or recklessness.

24.

At all times relevant to this Complaint, Plaintiff was in no way negligent or reckless, and

no conduct on her part directly or proximately caused or contributed in any way to any of her

injuries, losses, or damages.

25.

All of Plaintiff's injuries, losses, and/or damages, past, present, or prospective, are due to

Defendants' negligence and/or recklessness.

**26.**

Plaintiff did not have the injuries described in this Complaint before the incident described herein.

**27.**

Plaintiff's medical treatment was reasonable, necessary, and consistent with the injuries that she suffered as a result of Defendants' negligence and/or recklessness.

## COUNT III
### (Vicarious Liability/Respondent Superior)

**28.**

Plaintiff repeats and re-alleges each and every relevant allegation set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein verbatim.

**29.**

At all times relevant to this Complaint, Defendant John Doe Employee was acting within the course and scope of employment by Defendant Walden Apartments and/or Defendant Management.

**30.**

The tortious conduct committed by Defendant John Doe Employee was by reason of his/her employment relationship with Defendants and not because of matters disconnected therewith.

**31.**

The tortious conduct of Defendant John Doe Employee was committed in furtherance of Defendants' business and/or at their direction and not for purely personal reasons disconnected from the authorized business of Defendants.

**32.**

Defendants are vicariously liable for the intentional, negligent, and/or recklessness of their employees, including Defendant John Doe Employee.

## COUNT II
### (Bad Faith)

**33.**

Plaintiff repeats and re-alleges each and every relevant allegation set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein verbatim.

**34.**

Defendants have acted in bad faith pursuant to O.C.G.A. § 13-6-11, for which Defendants are liable to Plaintiff for her attorney's fee.

**35.**

Plaintiff is entitled to recover punitive damages in an amount to be determined at trial by an impartial jury of twelve persons.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

(a)    That summons be issued and service be had upon Defendants;

(b)    That this matter be tried before an impartial jury of twelve persons;

(c)    That Plaintiff to be awarded special damages to be shown at trial;

(d)    That Plaintiff to be awarded general and compensatory damages in an amount to be proven at trial; and

(e)    That Plaintiff to be awarded such other relief which this Honorable Court deems just and proper, and permitted under Georgia law.

This 25th day of April, 2016.

Respectfully submitted,

GREENE LEGAL GROUP LLC

By_____
Reginald A. Greene
Georgia Bar No. 308674
Counsel for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile

8

Fulton County Superior Court
***EFILED***TP
Date: 4/27/2016 2:51:23 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| CHYRELL STREETER-BARTLEY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | 2016CV274433 |
| | ) | |
| WALDEN BROOK ATLANTA | ) | JURY TRIAL DEMAND |
| APARTMENTS LLLP, | ) | |
| VENTRON MANAGEMENT, LLC, and | ) | |
| JOHN DOE EMPLOYEE, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff, Chyrell Streeter-Bartley ("Plaintiff"), by and through her attorney, Reginald A. Greene, and files this Amended Complaint for Damages (this "Complaint") against Defendants Walden Brook Atlanta Apartments LLLP ("Walden Apartments"); Ventron Management, LLC ("Management"); and, John Doe employee ("John Doe Employee"), (collectively, the "Defendants"). Plaintiff shows this Honorable Court the following:

### 1.

This action arises from an incident that occurred on April 30, 2014 in which Plaintiff sustained personal injuries while she was a passenger on a golf cart being operated directly or indirectly by Defendants while entering the entry gate of the Walden Brook Apartments located at 5665 Fairington Road, Lithonia, Georgia 30038 (the "Apartments").

### PARTIES, JURISDICTION, AND VENUE

### 2.

Plaintiff is a resident of the State of Georgia, residing in DeKalb County, and willfully avails herself to the jurisdiction and venue of this Court.

**3.**

Defendant Walden Apartments is a foreign corporation, organized under the laws of the state of Florida, and may be served with a summons of this complaint to its Registered Agent: Michael Scalijon located at 2210 Sullivan Road, Fulton County, College Park, Georgia 30337.

**4.**

Defendant Management is a foreign corporation, organized under the laws of the state of Florida, and may be served with a summons of this complaint to its Registered Agent:  Michael Scalijon located at 2210 Sullivan Road, Fulton County, College Park, Georgia 30337.

**5.**

Defendant John Doe Employee's identity is unknown at this time.  Upon information and belief, Defendant John Doe Employee is or was an employee of Defendant Walden Apartments or Defendant Management at all times relevant herein.

**6.**

Jurisdiction and venue are proper in this Court.

## FACTUAL NARRATIVE

**7.**

At all times relevant to this Complaint, Defendant Walden Apartments and/or Defendant Management owned, operated and/or managed the Apartments.

**8.**

On April 30, 2014, Plaintiff entered the premises of the Apartments as a prospective tenant.

2

**9.**

On the same date, Defendant John Doe Employee offered Plaintiff a ride on a golf cart to take a tour of the Apartments.

**10.**

While Plaintiff was a passenger on the golf cart operated by Defendant John Doe Employee, Defendant John Doe Employee approached the entry gate of the Apartments, which was controlled by a large metal arm that restricted the entry of vehicles through the entry gate.

**11.**

The golf cart being operated by Defendant John Doe Employee was behind a vehicle that was also driving through the entry gate of the Apartments.

**12.**

When the large metal arm was raised to allow the first vehicle to go through the gate of the Apartments, Defendant John Doe Employee attempted to speed past the large metal arm before it came back down.

**13.**

As Defendant John Doe Employee attempted to speed the golf cart through the entry gate, the metal arm came down and struck Plaintiff on her head.

**14.**

Plaintiff sustained physical injury to her head, neck, and spine when the metal arm came down violently on her head as Defendant John Doe Employee tried to speed through the entry gate.

**15.**

As a result of her injuries, Plaintiff has suffered damages.

3

**16.**

Plaintiff has experienced and will experience, past, present and future pain and suffering as a result of her injuries.

## COUNT 1
### (Negligence)

**17.**

Plaintiff repeats and re-alleges each and every relevant allegation set forth in paragraphs 1 through 16 of this Complaint as if fully set forth herein verbatim.

**18.**

Defendants owed a duty to Plaintiff to exercise ordinary care, just as reasonable persons would have done under similar circumstances.

**19.**

Defendants breached this duty by, among other things:

(a) Failing to enter through the entry gate in a safe manner;

(b) Failing to operate the entry gate arm in a safe manner;

(c) Attempting to speed through the entry gate to follow after another vehicle; and

(d) Failing to otherwise exercise ordinary care under the circumstances.

**20.**

As a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff suffered and continues to suffer bodily injuries, great pain of body and mind, medical expenses, and other general and special damages for which she is entitled to be compensated under the laws of this state.

21.

As a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff has incurred special damages in an amount to be proven at trial, including but not limited to, of the following:

### Special Damages

| | | |
|---|---|---|
| Dekalb Medical ER | 4/30/14 – 7/22/14 | $ 11,842.73 |
| Atlanta Family Physicians | 5/5/14 – 9/4/14 | $    735.07 |
| AICA Ortho and Spine | 6/30/14 – 8/6/14 | $  5,114.00 |
| Transportation Fees | 6/30/14 – 8/06/14 | $    136.00 |
| | **SUB TOTAL SPECIALS** | **$ 17,827.80** |

22.

As a direct and proximate result of Defendants' negligence and/or recklessness, Plaintiff has incurred and can reasonably be expected to incur additional damages, pain and suffering and loss of enjoyment of life to be proven at trial.

23.

Plaintiff's injuries, losses, and/or damages are the sole and proximate cause of Defendants' negligence and/or recklessness.

24.

At all times relevant to this Complaint, Plaintiff was in no way negligent or reckless, and no conduct on her part directly or proximately caused or contributed in any way to any of her injuries, losses, or damages.

25.

All of Plaintiff's injuries, losses, and/or damages, past, present, or prospective, are due to Defendants' negligence and/or recklessness.

### 26.

Plaintiff did not have the injuries described in this Complaint before the incident described herein.

### 27.

Plaintiff's medical treatment was reasonable, necessary, and consistent with the injuries that she suffered as a result of Defendants' negligence and/or recklessness.

## COUNT III
### (Vicarious Liability/Respondent Superior)

### 28.

Plaintiff repeats and re-alleges each and every relevant allegation set forth in paragraphs 1 through 27 of this Complaint as if fully set forth herein verbatim.

### 29.

At all times relevant to this Complaint, Defendant John Doe Employee was acting within the course and scope of employment by Defendant Walden Apartments and/or Defendant Management.

### 30.

The tortious conduct committed by Defendant John Doe Employee was by reason of his/her employment relationship with Defendants and not because of matters disconnected therewith.

### 31.

The tortious conduct of Defendant John Doe Employee was committed in furtherance of Defendants' business and/or at their direction and not for purely personal reasons disconnected from the authorized business of Defendants.

**32.**

Defendants are vicariously liable for the intentional, negligent, and/or recklessness of their employees, including Defendant John Doe Employee.

## COUNT II
### (Bad Faith)

**33.**

Plaintiff repeats and re-alleges each and every relevant allegation set forth in paragraphs 1 through 32 of this Complaint as if fully set forth herein verbatim.

**34.**

Defendants have acted in bad faith pursuant to O.C.G.A. § 13-6-11, for which Defendants are liable to Plaintiff for her attorney's fee.

**35.**

Plaintiff is entitled to recover punitive damages in an amount to be determined at trial by an impartial jury of twelve persons.

## PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

(a)  That summons be issued and service be had upon Defendants;

(b)  That this matter be tried before an impartial jury of twelve persons;

(c)  That Plaintiff to be awarded special damages to be shown at trial;

(d)  That Plaintiff to be awarded general and compensatory damages in an amount to be proven at trial; and

(e)  That Plaintiff to be awarded such other relief which this Honorable Court deems just and proper, and permitted under Georgia law.

This 27th day of April, 2016.

Respectfully submitted,

GREENE LEGAL GROUP LLC

By_____
Reginald A. Greene
Georgia Bar No. 308674
Counsel for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
(404) 574-4308
(404) 574-4312 Facsimile

Fulton County Superior Court
***EFILED***MH
Date: 4/29/2016 6:54:11 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

**CHYRELL STREETER-BARTLEY**
**Petitioner**

**CIVIL ACTION FILE NO:**
**2016CV274433**

**vs**

**WALDEN BROOK ATLANTA APARTMENTS LLLP**
**VENTRON MANAGEMENT, LLC and**
**JOHN DOE EMPLOYEE**
**Defendant**

### AFFIDAVIT OF SERVICE UPON
### WALDEN BROOK ATLANTA APARTMENTS LLLP

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of FRANK L. SWINDLE (Server), who after first being duly sworn, and states:

1. My name is FRANK L. SWINDLE, and I am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above-styled action and am not related to any of the parties.

2. I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one (21). I have been appointed as Process Server in the Superior Court of Fulton County and I have been assigned to perfect service of process of the pending Summons and Amended Complaint for Damages upon Walden Brook Apartments LLLP.

3. On Thursday, April 28, 2016 at approx. 1:10 p.m. at the 2210 Sullivan Road, College Park, Ga. 30337 address, I served the pending Summons and Amended Complaint for Damages upon Walden Brook Atlanta Apartments LLLP by placing said service documents in the hands of Michael Scalijon who is the Registered Agent for Walden Brook Atlanta Apartments. LLLP and who is authorized to accept Service of Process upon Walden Brook Atlanta Apartments, LLLP.

This _28th_ day of April, 2016.

Signature
Frank L. Swindle - Process Server

Sworn to and subscribed before me
This 28th the day of April, 2016.
_Wanda Wright-Jackson_
Notary Public, My Commission expires on ____ WANDA WRIGHT JACKSON
My Comm. Expires Aug 25, 2017

Fulton County Superior Court
***EFILED***MH
Date: 4/29/2016 6:54:11 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

**CHYRELL STREETER-BARTLEY**
**Petitioner**

**CIVIL ACTION FILE NO:**
**2016CV274433**

**vs**

**WALDEN BROOK ATLANTA APARTMENTS LLLP**
**VENTRON MANAGEMENT, LLC and**
**JOHN DOE EMPLOYEE**
**Defendant**

### AFFIDAVIT OF SERVICE UPON VENTRON MANAGEMENT, LLC

Personally appeared before me, an officer duly authorized by law to administer oaths, the person of FRANK L. SWINDLE (Server), who after first being duly sworn, and states:

1. My name is FRANK L. SWINDLE, and I am competent in all respects to testify regarding the matters set forth herein. I have personal knowledge of the facts stated herein and know them to be true. I have no interest in the outcome of the above-styled action and am not related to any of the parties.

2. I am a resident of the State of Georgia and a citizen of the United States of America and am over age twenty-one (21). I have been appointed as Process Server in the Superior Court of Fulton County and I have been assigned to perfect service of process of the pending Summons and Amended Complaint for Damages upon Ventron Management, LLC.

3. On Thursday, April 28, 2016 at approx. 1:10 p.m. at the 2210 Sullivan Road, Fulton County, College Park, Ga. 30337 address, I personally served the pending Summons and Amended Complaint for Damages upon Ventron Management, LLC by placing said service documents in the hands of Michael Scalijon, who is the Registered Agent for Ventron Management, LLC. and is authorized to accept Service of Process upon Ventron Management, LLC..

This _28th_ day of April, 2016.

Signature
Frank L. Swindle - Process Server

Sworn to and subscribed before me
This 28th the day of April, 2016.

WANDA WRIGHT JACKSON
My Comm. Expires Aug 25, 2017

Fulton County Superior Court
***EFILED***BH
Date: 5/25/2016 7:27:28 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

CHYRELL STREETER-BARTLEY,                    )
                                             )
          Plaintiff,                         )     CIVIL ACTION FILE NO.
v.                                           )     2016-CV-274433
                                             )
WALDEN BROOK ATLANTA                         )
APARTMENTS LLLP and                          )     JURY TRIAL DEMAND
VENTRON MANAGEMENT, LLC, and                 )
JOHN DOE EMPLOYEE,                           )
                                             )
          Defendants.                        )

## RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that on this date I served a true copy of (a) Plaintiff's First Interrogatories

to Defendant Ventron Management, LLC; and, (b) Plaintiff's First Interrogatories to Defendant

Walden Brook Atlanta Apartments LLLP by First Class Mail, Postage Prepaid upon: Michael

Scalijon, Registered Agent, 2210 Sullivan Road, College Park, Georgia 30337.

This 25th day of May, 2016.

                                        _____
                                        Reginald A. Greene, Esq.
                                        Georgia Bar No. 308674
                                        Counsel for Plaintiff

One Georgia Center, Suite 605
600 West Peachtree Street, N.W.
Atlanta, Georgia 30308
Tel:  (404) 574-4308
Fax:  (404) 574-4312
rgreene@greenelegalgroup.com

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CHYRELL STREETER-BARTLEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO: 2016-CV-274433 |
| vs. | : | |
| | : | |
| WALDEN BROOK ATLANTA APARTMENTS, | : | |
| LLLP;  VENTRON MANAGEMENT, LLC, and | : | |
| JOHN DOE EMPLOYEE, | : | **E-FILE** |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Walden Brook Atlanta Apartments, LLLP and Ventron Management, LLC, Defendants in the above-styled civil action (hereinafter collectively referred to as "Defendants"), and files this its answer and affirmative defenses to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Any claim against Defendants is barred on the grounds that no act or omission on the part of Defendant caused or contributed to any injury or damage sustained by Plaintiff.

### Third Affirmative Defense

The actions and/or conduct and/or omissions of other individuals, entities, parties or non-parties other than Defendants were the proximate cause of any damages claimed by Plaintiff.

### Fourth Affirmative Defense

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence in failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from Defendants.

### Fifth Affirmative Defense

Defendants plead insufficiency of service of process.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the statute of limitations.

### Seventh Affirmative Defense

In further responding to the individually numbered paragraphs to Plaintiff's Complaint, Defendants respond as follows:

1.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### Parties, Jurisdiction and Venue

2.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the allegation contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants admit the allegation contained in Paragraph 4 of Plaintiff's Complaint.

2

5.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

**Factual Narrative**

7.

Defendants admit that on April 30, 2014, Defendant Walton owned the subject property and Defendant Ventron managed same. Except as stated, Defendants deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## COUNT I - Negligence

17.

Defendants herby adopt and incorporate their response enumerated in Paragraphs 1 through 16 as if fully set forth herein.

18.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, as pled.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and all subparts thereof.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and all subparts thereof.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## COUNT III  [sic]

### Vicarious Liability /Respondent Superior

28.

Defendants herby adopt and incorporate their response enumerated in Paragraphs 1 through 28 as if fully set forth herein.

29.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## COUNT II [sic]

### Bad Faith

33.

Defendants herby adopt and incorporate their response enumerated in Paragraphs 1 through 32 as if fully set forth herein.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

To the extent that the paragraph beginning with WHEREFORE and all subparagraphs (a) through (e) requires a response, those allegations are denied.

37.

Defendants deny each and every allegation of Plaintiff's Complaint not specifically addressed herein.

WHEREFORE, Defendants pray as follows:

a)      that this Court dismiss Plaintiff's Complaint with prejudice with all costs and attorney's fees cast against Plaintiff;

b)      that absent dismissal, Defendants have a trial by a jury of twelve (12) persons; and

c)      for such other and further relief that this Court deems fair and equitable.

Respectfully submitted this 27th day of May, 2016.

HALL BOOTH SMITH, PC

/s/ *D. Michael Williams*
Georgia Bar No. 761328

/s/ *Don B. Brown*
Georgia Bar No. 496667

Attorneys for Defendants
Walden Brook Atlanta
Apartments, LLLP and Ventron
Management, LLC

191 Peachtree Street, Suite 2900
Atlanta, Georgia    30303
404/954-5000
dmwilliams@hallboothsmith.com
dbrown@hallboothsmith.com

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CHYRELL STREETER-BARTLEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO: 2016-CV-274433 |
| vs. | : | |
| | : | |
| WALDEN BROOK ATLANTA APARTMENTS, | : | |
| LLLP;  VENTRON MANAGEMENT, LLC, and | : | |
| JOHN DOE EMPLOYEE, | : | **E-FILE** |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the within and foregoing **Answer of Defendants** upon the following via e-file:

Reginald A. Greene, Esquire
Greene Legal Group, LLC
One Georgia Center
600 West Peachtree Street, Suite 605
Atlanta, Georgia    30308

This 27th day of May, 2016.

/s/ Don B. Brown
Georgia Bar No. 496667

52807016-1                                    8

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

CHYRELL STREETER-BARTLEY,  :
                           :
    Plaintiff,             :     CIVIL ACTION FILE
                           :     NO:  2016-CV-274433
vs.                        :
                           :
WALDEN BROOK ATLANTA APARTMENTS, :
LLLP;  VENTRON MANAGEMENT, LLC, and :
JOHN DOE EMPLOYEE,         :     **E-FILE**
                           :
    Defendants.            :

## DEFENDANTS' FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

COME NOW Walden Brook Atlanta Apartments, LLLP and Ventron Management, LLC, Defendants in the above-styled civil action (hereinafter collectively referred to as  "Defendants"), and files this its First Amended Answer and Affirmative defenses to Plaintiff's Complaint for Damages, showing this Honorable Court as follows:

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Any claim against Defendants is barred on the grounds that no act or omission on the part of Defendant caused or contributed to any injury or damage sustained by Plaintiff.

### Third Affirmative Defense

The actions and/or conduct and/or omissions of other individuals, entities, parties or non-parties other than Defendants were the proximate cause of any damages claimed by Plaintiff.

### Fourth Affirmative Defense

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence in failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from Defendants.

### Fifth Affirmative Defense

Defendants plead insufficiency of service of process.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the statute of limitations.

### Seventh Affirmative Defense

In further responding to the individually numbered paragraphs to Plaintiff's Complaint, Defendants respond as follows:

1.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

### Parties, Jurisdiction and Venue

2.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny that Defendant Walden Brook Atlanta Apartments, LLLP is a corporation as it is a limited liability limited partnership.  Except as stated, Defendants admit the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.

Defendants deny that Defendant Ventron Management LLC is a corporation as it is a limited liability company.   Except as stated, Defendants admit the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.

Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

**Factual Narrative**

7.

Defendants admit that on April 30, 2014, Defendant Walton owned the subject property and Defendant Ventron managed same. Except as stated, Defendants deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.

Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## COUNT I - Negligence

17.

Defendants herby adopt and incorporate their response enumerated in Paragraphs 1 through 16 as if fully set forth herein.

18.

Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, as pled.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint and all subparts thereof.

20.

Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.

Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint and all subparts thereof.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## COUNT III  [sic]

### <u>Vicarious Liability /Respondent Superior</u>

28.

Defendants herby adopt and incorporate their response enumerated in Paragraphs 1 through 28 as if fully set forth herein.

29.

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

## COUNT II  [sic]

### Bad Faith

33.

Defendants herby adopt and incorporate their response enumerated in Paragraphs 1 through 32 as if fully set forth herein.

34.

Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.

Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

To the extent that the paragraph beginning with WHEREFORE and all subparagraphs (a) through (e) requires a response, those allegations are denied.

37.

Defendants deny each and every allegation of Plaintiff's Complaint not specifically addressed herein.

WHEREFORE, Defendants pray as follows:

a)      that this Court dismiss Plaintiff's Complaint with prejudice with all costs and attorney's fees cast against Plaintiff;

b)      that absent dismissal, Defendants have a trial by a jury of twelve (12) persons; and

c)      for such other and further relief that this Court deems fair and equitable.

Respectfully submitted this 27th day of May, 2016.

HALL BOOTH SMITH, PC

/s/ *D. Michael Williams*
Georgia Bar No. 761328

/s/ *Don B. Brown*
Georgia Bar No. 496667

Attorneys for Defendants
Walden Brook Atlanta
Apartments, LLLP and Ventron
Management, LLC

191 Peachtree Street, Suite 2900
Atlanta, Georgia    30303
404/954-5000
dmwilliams@hallboothsmith.com
dbrown@hallboothsmith.com

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CHYRELL STREETER-BARTLEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO: 2016-CV-274433 |
| vs. | : | |
| | : | |
| WALDEN BROOK ATLANTA APARTMENTS, | : | |
| LLLP; VENTRON MANAGEMENT, LLC, and | : | |
| JOHN DOE EMPLOYEE, | : | **E-FILE** |
| | : | |
| Defendants. | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing **First Amended Answer of Defendants** upon the following via e-file:

Reginald A. Greene, Esquire
Greene Legal Group, LLC
One Georgia Center
600 West Peachtree Street, Suite 605
Atlanta, Georgia   30308

This 27th day of May, 2016.

/s/ Don B. Brown
Georgia Bar No. 496667

52820556-1                                        8

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CHYRELL STREETER-BARTLEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO:  2016-CV-274433 |
| vs. | : | |
| | : | |
| WALDEN BROOK ATLANTA APARTMENTS, | : | |
| LLLP;  VENTRON MANAGEMENT, LLC, and | : | |
| JOHN DOE EMPLOYEE, | : | **E-FILE** |
| | : | |
| Defendants. | : | |

## <u>DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL</u>

COME NOW Walden Brook Atlanta Apartments, LLLP and Ventron Management, LLC, Defendants and, pursuant to 28 U.S.C. §§ 1441 and 1446, file this NOTICE OF FILING NOTICE OF REMOVAL within the time prescribed by law, showing the Court as follows:

1.

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a Notice of Removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division.

2.

Attached hereto is a copy of the Notice of Removal filed in the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 27th day of May, 2016.

HALL BOOTH SMITH, PC

/s/ D. Michael Williams
D. Michael Williams
Georgia Bar No. 761328

/s/ Don B. Brown
Don B. Brown
Georgia Bar No. 496667

Attorneys for Defendants
Walden Brook Atlanta
Apartments, LLLP and Ventron
Management, LLC

191 Peachtree Street, Suite 2900
Atlanta, Georgia   30303
404.954.5000 (telephone)
678.539.1612 (facsimile)
dmwilliams@hallboothsmith.com
dbrown@hallboothsmith.com

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CHYRELL STREETER-BARTLEY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE |
| | : | NO: 2016-CV-274433 |
| vs. | : | |
| | : | |
| WALDEN BROOK ATLANTA APARTMENTS, | : | |
| LLLP;  VENTRON MANAGEMENT, LLC, and | : | |
| JOHN DOE EMPLOYEE, | : | **E-FILE** |
| | : | |
| Defendants. | : | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a copy of the within and foregoing **DEFENDANTS' NOTICE OF FILING NOTICE OF REMOVAL** upon the following via e-file:

> Reginald A. Greene, Esquire
> Greene Legal Group, LLC
> One Georgia Center
> 600 West Peachtree Street, Suite 605
> Atlanta, Georgia    30308

This 27th day of May, 2016.

/s/ *Don B. Brown*
Georgia Bar No. 496667

3

EXHIBIT "B"

# GREENE LEGAL GROUP LLC

*Local Presence. Global Perspective.*

ATTORNEYS AND COUNSELORS AT LAW

ONE GEORGIA CENTER · SUITE 605 · 600 WEST PEACHTREE STREET · ATLANTA, GEORGIA 30308
· PHONE: (404) 574-4308 · FACSIMILE: (404) 574-4312
WWW.GREENELEGALGROUP.COM

Reginald A. Greene, Esq.
Direct Dial  404-574-4311
rgreene@greenelegalgroup.com

July 16, 2015

**VIA EMAIL** Vicky.cowley@amtrustgroup.com
**AND FIRST CLASS MAIL**
Vickey Cowley
Claims Representative III
AmTrust North America
12790 Merit Drive
Dallas, Texas 75251
214-360-8517

**RECEIVED**

**JUL 2 0 2015**

AMTRUST N.A.
DALLAS, TX.

Re:   **CHYRELL STREETER-BARTLEY: CLAIM NO. 1248910**
      **CONFIDENTIAL, TIME LIMITED, DEMAND FOR SETTLEMENT**

Dear Ms. Cowley:

As you know, this Firm represents Chyrell Streeter-Bartley in connection with the above-referenced claim. At this time, our client has reached maximum medical improvement from her injuries and is prepared to discuss settlement of her claim.

### Factual Background

On April 30, 2014, Chyrell Streeter-Bartley arrived at the Walden Brook Apartments location at 100 Walden Brook Drive, Lithonia, Georgia 30038. The purpose of her visit was to tour the property as a prospective future resident. After a brief meeting with an agent/employee of Walden Brook Apartments she was taken to a golf cart in order to be transported around the grounds of the property by the agent/employee (the "Driver"). Once at the entry gate, the Driver waited for a vehicle ahead to enter, and the metal arm which permits only one vehicle at a time to enter was still raised. Instead of waiting for the metal arm to lower and then opening the gate, the Driver began driving forward through the gate. As they passed under the metal arm, the arm lowered quickly and struck Ms. Streeter-Bartley in the head which caused severe injuries, including a concussion, nose bleeds, chronic headaches, and severe neck injuries. At the time of the incident, Ms. Streeter-Bartley was 54 years old. The injuries that she suffered and the resulting complications will continue to negatively impact her for the rest of her life.

### Negligence

The Driver owed a duty of care to Ms. Streeter-Bartley to operate the vehicle in a safe manner just as a reasonably prudent and careful person would have done under similar circumstances. That duty was breached when the Driver, among other things, negligently drove under the open metal arm and otherwise failed to exercise reasonable care. As a direct and

Page 2
Chyrell Streeter Bartley

proximate cause of the Driver's negligence, Chyrell Streeter-Bartley suffered serious personal injuries and complications.

### Injuries to Chyrell Streeter-Bartley

As a direct and proximate cause of the Driver's negligence, Ms. Streeter-Bartley suffered bodily injury to her head and neck, including pain and suffering, severe headaches, vomiting, loss of vision, nose bleeds, ear ringing, and loss of enjoyment of life. Her neck injuries include a focal herniated disc protrusion with an annular tear, a bulging disc, a central and right paracentral herniated disc protrusion and bone spur at C 5-6. Her spinal cord injuries have caused her debilitating headaches along with symptoms such as vomiting and loss of vision. Her other symptoms include loss of balance and hearing that render her unable to work. The vomiting and headaches are strong enough to cause loss of consciousness and are debilitating enough to render Ms. Streeter-Bartley disabled.

Ms. Streeter-Bartley had several previous medical conditions, including short gut syndrome, diabetes, cholecystectomy, bladder repair, and other related medical issues. The injuries Ms. Streeter-Bartley received on the premises of Defendant resulted in further complications to her previous conditions. Before the incident, she had most of her abdominal pain and digestive issues under control. The injuries she received on the premises have caused her to fall into an ever worsening string of complications. Ms. Streeter-Bartley now has worsening diarrhea and extreme pain. Ms. Streeter-Bartley has had to reassess her medication, and now takes very powerful doses of pain medication and the medications often make her disoriented and confused. The injuries of Chyrell Streeter-Bartley are detailed in the attached records, bills and office notes from the treating healthcare providers.

### Special Damages

To date, Chyrell Streeter-Bartley has the following special damages:

| | | |
|---|---|---|
| Dekalb Medical E.R. | 4/30/2014 and 7/22/2014 | $11,842.73 |
| Atlanta Family Physicians | 5/05/2014-9/04/2014 | $ 735.07 |
| AICA Ortho and Spine | 6/30/2014-8/06/2014 | $ 5,114.00 |
| Transportation Fees | 6/30/2014-8/06/2014 | $ 136.00 |
| | **TOTAL SPECIALS** | **$17,827.80** |

### Economic Damages

Below I have compiled a preliminary analysis of the economic damages caused by Ms. Streeter-Bartley's injury on April 30, 2014 on the premises of the Walden Brook Apartments. The analysis is based on medical records for Ms. Streeter-Bartley and various statistical sources cited below. The two elements of economic loss I have considered are (1) lost earning capacity and (2) future medical assistance and care. The economic determinations in this analysis are based on Georgia Statutes and reliable statistical information.

Page 3
Chyrell Streeter Bartley

### *Past and Future Loss of Earnings* $214,588.85

The discounted present value for future earning formula used in Georgia is as follows:

$$DPV = \$[(1+g)^\wedge t]/(1+d)^\wedge t]$$
  $\$$ = Initial starting earnings
  $t$ = Time in terms of work life expectancy
  $g$ = Growth rate of earnings
  $d$ = Discount rate

The initial starting earnings for Ms. Streeter-Bartley are based on what other women of similar age and background make according to the U.S. Census Bureau. This figure is represented by the dollar sign in the formula. The time in terms of work life expectancy for Ms. Streeter-Bartley was calculated as 7.61 based on the findings of the Journal of Legal Economics. Growth rate of earnings was calculated as 5.34% using the real wage growth rate added to the rate of inflation using the CPI-U index from the Bureau of Labor Statistics for both figures as of 2015. Finally, the discount rate is a constant 5% in Georgia prescribed by O.C.G.A. § 51-12-13. Inserted into the formula, the discounted present value of Ms. Montgomery's future earnings total $214,588.85.

### *Future Medical or Assistance Care* $73,692.00

The medical evidence indicates that Ms. Streeter-Bartley will require some level of continuing care or assistance with household work for the remainder of her life. Based on previous treatment, the estimated yearly need for care is set at $3,600 a year. The length of Ms. Streeter-Bartley's expected life was used via The Commissioners 1958 Standard Ordinary Mortality Table which is prescribed for use by O.C.G.A. § 24-4-45. Ms. Streeter-Bartley's expected remaining life from the date of the accident is 20.47 years according to the mortality tables. Using the same growth rate and discount rate as the table used for future earnings, the present value of her care is $73,692.00.

### *Past and Present Pain and Suffering* $808,200.00

Pain and suffering, both past and present, are to be proven at trial with the aid of medical professionals and testimony by the injured. Examples of pain and suffering to be taken into account include damages for physical and emotional pain, discomfort, anxiety, hardship, distress, suffering, inconvenience, physical impairment, mental anguish, disfigurement, loss of enjoyment of life, loss of society and companionship, loss of consortium, injury to reputation, and all other non-pecuniary losses of any kind or nature. Georgia law does presume that some pain and suffering will exist in physical injury cases. Cochran v. Lynch, 126 Ga. App. 866 (Ga. Ct. App. 1972). Pain and suffering may also include mental pain as well, which may include interference with normal living, interference with the enjoyment of life, loss of capacity to labor and earn money, impairment of bodily health and vigor, fear of the extent of one's injuries, shock of impact, past and future actual pain and suffering, past and future mental anguish, and limitations on activities. Food Lion, Inc. v. Williams, 219 Ga. App. 352, 464 S.E.2d 913 (1995).

Page 4
Chyrell Streeter Bartley

Ms Streeter-Bartley's injuries have continued to cause her extreme pain, both mental and physical, since the date of injury. Consideration factors for pain and suffering in Georgia have long been held to include: (1) loss or impairment to Plaintiff's powers or faculties; (2) decrease of earning capacity; (3) any decrease in Plaintiff's ability to work; (4) any disfigurement or scars to Plaintiff's body; and (5) the shortening of life from actual worry and pain necessarily caused by such injuries. Langran v. Hodges, 60 Ga. App. 567 (Ga. Ct. App. 1939).

We believe the evidence shows that Ms. Streeter-Bartley will suffer everyday for the rest of her life. Damages for her future pain and suffering should be awarded accordingly. Ms. Streeter-Bartley's future pain and suffering should be measured on a per diem basis because she will suffer everyday for the rest of her life. She has been unable to work; her head and neck have been and continue to be in severe pain. Based on the severity of her injuries, Ms. Streeter-Bartley will never again live a normal life.

The Plaintiff calculated pain and suffering on a per diem basis as follows:

Date of Injury: April 30, 2014

Life Expectancy: 20.47 Years from Date of Injury

Current Age: 55

Past Pain and Suffering: 444 days x $200 per day = $88,800.00

Future Pain and Suffering: 19.71 years x 365 days = 7,194 days x $100 per day = $719,400.00

Total Pain and Suffering: $808,200.00

## Conclusion

In view of the foregoing, and to attempt to resolve this matter amicably, my client would be willing to settle this matter for **$1,114,308.65** as fair compensation for her injuries and pain and suffering as follows:

| | |
|---|---|
| **Past Medical Expenses:** | $   17,827.80 |
| **Past and Future Loss of Earnings:** | $  214,588.85 |
| **Future Medical or Assistance Care:** | $   73,692.00 |
| **Pain and Suffering:** | $  808,200.00 |
| **TOTAL:** | $1,114,308.65 |

Page 5
Chyrell Streeter Bartley

At this time, we are requesting your attention to this demand.  Please be advised that this demand shall remain open for a period of thirty (30) days from the date of receipt.

Sincerely,

Reginald A. Greene, Esq.

PC
*Enclosures*